FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ APR 8 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
**ROY HALE**,

               Plaintiff,

       - against –

**RAYMOND J. DEARIE**, *et al.*,

               Defendants.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**
19-CV-1257 (AMD)(ST)

**ANN M. DONNELLY**, United States District Judge:

On March 5, 2019, *pro se* plaintiff Roy Hale, who is currently incarcerated at the Federal Correctional Complex in Allenwood, brought this civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), in connection with his criminal conviction in this court. The plaintiff's request to proceed *in forma pauperis* under 28 U.S.C. § 1915 is granted. For the reasons discussed below, the plaintiff's claims are dismissed.

## BACKGROUND

The plaintiff brings this action challenging his 1993 conviction for his participation in a criminal enterprise engaged in the distribution of narcotics. The Honorable Raymond J. Dearie presided over the plaintiff's trial, and sentenced him to two concurrent life terms, plus a 20-year term to be served concurrently with his life terms. *See United States v. Miller et al.*, No. 92–CR–91 (RJD). The United States Court of Appeals for the Second Circuit affirmed his conviction on October 20, 1997. *See United States v. Miller*, 116 F.3d 641 (2d Cir. 1997).

The plaintiff now alleges that Judge Dearie, with the other named defendants—who are current and former judges, court reporters, court staff, and prosecutors—violated the plaintiff's

1

Fifth Amendment rights. (ECF No. 1 ¶¶ 4, 6.) Specifically, the plaintiff "challenges that the [i]ndictments were not legally drawn and was [*sic*] never presented to a proper Court under Oath by a grand jury duly impaneled to bring charges describing the offense against the law for which Plaintiff may be punished." (*Id.* ¶ 8.) The plaintiff alleges that on February 11, 2019, he moved for "Transcripts, Grand Jury Ballot or Record inspection," but was denied the right to review these records; further, the docket sheet does not reflect a minute entry that the grand jury convened. (*Id.* ¶ 10.) The plaintiff argues that the indictment "was never presented to a Grand Jury and failed to comply with" the rules of criminal procedure, which deprived him of due process. (*Id.* ¶ 11.)

The plaintiff seeks immediate release, a new trial, and nominal, compensatory, and punitive damages totaling to about $81,000. (*Id.* ¶¶ 21–26.)

## STANDARD OF REVIEW

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys; the court must read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be

granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when the claim is based on an "indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Similarly, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A.

## DISCUSSION

The plaintiff brings this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). To establish a *Bivens* cause of action, plaintiff must show that a federal agent acting under color of such authority violated a cognizable constitutional right of the plaintiff. *Bivens*, 403 U.S. at 388. In *Bivens*, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Federal courts have analogized *Bivens* claims to actions brought under 42 U.S.C. § 1983, and analysis of *Bivens* claims, therefore, parallel the analysis used to evaluate § 1983 claims. *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) ("Because the two actions share the same 'practicalities of litigation,' federal courts have typically incorporated § 1983 law into *Bivens* actions." (citation omitted)) (collecting cases).

Even under the most liberal construction, the plaintiff's claim for money damages is clearly barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court held that a plaintiff claiming that a violation of his civil rights led to a criminal conviction must show that

the underlying conviction was previously overturned, expunged, or otherwise sufficiently undermined. *Id.* at 486–87. It is well-established that *Heck* also applies to *Bivens* actions. *Tavarez*, 54 F.3d at 110 ("Given the similarity between suits under § 1983 and *Bivens*, we conclude that *Heck* should apply to Bivens actions as well." (citations omitted)).[1] The plaintiff has not alleged that his conviction or sentence has been invalidated in any of the ways set forth in *Heck*. Accordingly, plaintiff's claim for damages is barred.

Further, I do not have the authority to grant the plaintiff's request for a new trial or for immediate release from custody in a § 1983 or *Bivens* action. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (A petition for habeas corpus is the exclusive means for seeking the relief of immediate release from prison; such relief is not cognizable under § 1983.); *see also Poventud v. City of New York*, 750 F.3d 121, 128 (2d Cir. 2014); *Geer v. Brown*, No. 14-CV-6172, 2015 WL4042166, at *4 (E.D.N.Y. July 1, 2015).

In addition, the plaintiff brings this action against Judge Dearie, as well as Judge Azrack, Judge Raggi, and Judge Sifton, and staff and prosecutors for the District Court for the Eastern District of New York. Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action

---

[1] Claims of judicial misconduct can be barred by *Heck*. *See, e.g., Collin v. Conn. Judicial Branch*, No. 16–CV–1390, 2016 WL 6304434, at *5 (D. Conn. Oct. 26, 2016) (a plaintiff cannot seek damages for judicial misconduct claims); *Abraham v. N.Y.C. Police Dep't*, No. 15–CV–5208, 2016 WL 3181125, at *4 (E.D.N.Y. June 3, 2016) (claims of judicial and prosecutorial bias and misconduct were barred by *Heck*); *Godwin v. Reeves*, No. 14–CV–572, 2014 WL 1757209, at *3 (E.D. Cal. May 1, 2014) ("It appears success on Plaintiff's judicial misconduct claim would impact the fact or duration of his confinement and be *Heck* barred.").

4

[he] took was in error . . . or was in excess of [his] authority." *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted). Judicial immunity may be overcome only if the judge is alleged to have taken "nonjudicial actions, i.e. actions not taken in the judge's judicial capacity," or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 11–12.

The plaintiff appears to be suing Judge Dearie and the other judges in connection with their involvement in the plaintiff's underlying criminal action, *United States v. Miller, et al.*, and does not claim that the judges acted outside of their judicial capacity or without jurisdiction. Their participation is clearly a judicial function for which absolute immunity applies. *See, e.g., Babaev v. Farinella*, No. 17-CV-873, 2017 WL 2256643, at *2 (E.D.N.Y. May 22, 2017) (judicial immunity doctrine barred claims brought against the judge); *Xiu Jian Sun v. Pollak*, No. 17-CV-1570, 2017 WL 5515850, at *2 (E.D.N.Y. Apr. 10, 2017) (same); *Johnson v. Raggi*, No. 16-CV-2765, 2016 WL 3647865, at *1–2 (E.D.N.Y. July 1, 2016) (same). Judicial immunity is from suit, not just a suit for damages. *Mireles*, 502 U.S. at 11 ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

## CONCLUSION

Accordingly, the complaint is dismissed. 28 U.S.C. §§ 1915(e)(2)(B); 1915A. Ordinarily, *pro se* plaintiffs are granted opportunities to amend their complaints freely, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000); however, courts need not afford plaintiffs an opportunity to amend where it is clear that any attempt to amend the complaint would be futile. *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (summary order) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile). The complaint, therefore, is dismissed with prejudice. I certify,

pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
April 8, 2019